Liu v. Barr

BIA
Videla, IJ
A098 472 361

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand nineteen.

PRESENT:
>    REENA RAGGI,
>    PETER W. HALL,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

MINGJIN LIU,
>    *Petitioner,*

>    v.                                        13-3986
>                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mingjin Liu, a native and citizen of the People's Republic of China, seeks review of a September 30, 2013 decision of the BIA affirming an April 24, 2012 decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingjin Liu,* No. A 098 472 361 (B.I.A. Sept. 30, 2013), *aff'g* No. A 098 472 361 (Immig. Ct. N.Y. City Apr. 24, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and

2

oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Liu was not credible as to his claim that he was persecuted because of his opposition to and violation of Chinese family planning laws.

The agency reasonably relied in part on Liu's demeanor, finding that parts of his testimony were evasive and not responsive to the questions posed. We give particular deference to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). And the record supports the IJ's demeanor finding. For example, the IJ asked Liu numerous times why he testified that he worked in odd jobs from 1999 until he left China in 2005, while his asylum application reported that he worked for a

3

construction company from May 2000 until December 2004 and did not work after that. Liu did not answer the question, asserting instead that he did individual work and did not work for a construction company. Liu argues that he attempted to explain the irregularity of his employment and the IJ became frustrated and found his explanation lacking; however, the IJ clarified that he understood Liu's job description, but was asking why Liu's testimony was inconsistent with his asylum application. Liu never explained the inconsistency. In addition, despite multiple questions, Liu never gave a direct answer as to whether he lied during a visa interview. Contrary to Liu's argument, a demeanor finding does not have to be linked to inconsistent testimony. *See id.*

The agency also reasonably relied on substantial inconsistencies between Liu's application and testimony concerning his alleged detention and beating by Chinese family planning authorities. His application states that he was locked in a room at work, beaten and wounded on his upper lip, and released back to work after he revealed his wife's location. In contrast, he testified that he was detained for twenty days and beaten with electric batons on his head, leg, and lip to the point that he passed out. While "asylum

4

applicants are not required to list every incident of persecution" in their application, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), the length of the detention and severity of a beating with an electric baton are facts that Liu "would reasonably have been expected to disclose," *Hong Fei Gao*, 891 F.3d at 78; *see also Xiu Xia Lin*, 534 F.3d at 167 (holding that petitioner's failure to include the length of her detention in her asylum application was, *inter alia*, a proper basis for the IJ's adverse credibility determination). And the agency was not required to credit Liu's supplemental affidavit explaining this inconsistency because he never mentioned that explanation during the hearing. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Liu's testimony regarding the date he was fired from his job, although tangential, bolsters the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not

5

credible." (quoting 8 U.S.C. S 1158(b)(1)(B)(iii))). And having questioned Liu's credibility, the agency reasonably found that Liu failed to rehabilitate his testimony with corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Liu submitted statements from his wife and her colleague in China recounting her forced abortion, and a letter from his girlfriend stating that the family planning authorities were still looking for him. The agency reasonably afforded these documents diminished weight because the authors were interested witnesses and unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that determinations concerning the weight of evidence lie largely within the discretion of the agency). Given the demeanor and inconsistency findings and the lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence and is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d

148, 155–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court